**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 19-CV-20954-KMW**

KENDRA ZABIELINSKI, on behalf of herself
and others similarly situated,

    Plaintiff,

vs.

BARLEY HOSPITALITY GROUP, LLC, a
Florida limited liability company, JORGE G.
RAMOS, JR., an individual, and JORGE I.
RAMOS, an individual,

    Defendants.
_____/

**MOTION TO APPROVE FLSA SETTLEMENT
AND TO DISMISS CASE WITH PREJUDICE**

Plaintiff KENDRA ZABIELINSKI (hereinafter, "Plaintiff") and Defendants, BARLEY HOSPITALITY GROUP, LLC, a Florida limited liability company, JORGE G. RAMOS, JR., an individual, and JORGE I. RAMOS, an individual (collectively, "Defendants"), file this Joint Motion to approve the Parties' settlement and dismiss this case with prejudice and retain jurisdiction to enforce, and respectfully state as follows:

    1.    On or about March 12, 2019, Plaintiff filed her original Complaint in the instant action. In her Complaint, Plaintiff asserted claims of failure to pay minimum wages in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

    2.    The Defendants deny any wrongdoing under the FLSA, and deny that the Plaintiff is entitled to any relief whatsoever.

1

3. Nevertheless, the Parties recognize that litigation is costly and the outcome is uncertain. To avoid the costs and uncertainty of further litigation, the Parties negotiated a settlement of this matter.

4. The Parties have been represented by counsel during the negotiation process and the Parties agree, based on the scope of the claims, the disputed legal and factual issues relating to their claims and defenses, and the costs of continued litigation, that the settlement represents a fair and reasonable resolution of Plaintiff's claims.

5. A written settlement agreement between the Defendants and Plaintiff has been prepared that memorializes the terms of the settlement. The Parties' Settlement Agreement is attached as **Exhibit "1."**

6. In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby seek the Court's approval of the settlement reached in this matter and request that the Court retain jurisdiction to enforce the settlement and that the matter be dismissed, with prejudice.

## **MEMORANDUM OF LAW**

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food:*

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them…The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for

> back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

In accordance with *Lynn's Food,* the Court's review of the Parties' settlement is to determine if it is a "fair and reasonable resolution of a *bona fide* dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of Plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531, n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist., LEXIS 10287 at *2-3 (M.D. Fla. Jan. 8, 2007).

In this case, Plaintiff was employed as a server at Defendants' restaurant in Miami-Dade, Florida. Plaintiff alleged she was not paid for all hours worked. Plaintiff alleged that she is entitled to the full minimum wage for these hours worked. Plaintiff alleged that these violations were willful, and that she was entitled to liquidated damages, and reasonable attorney's fees and costs. Defendants deny Plaintiff's allegations and allege that Plaintiff was paid for all hours suffered or permitted to work. Defendants deny that Plaintiff is entitled to liquidated damages. The Parties have exchanged documents, interviewed witnesses, and have engaged in extensive

settlement discussions. The issues remain hotly disputed and both Parties acknowledge that there remain disputed issues of law and fact that, if resolved in Defendants' favor, could result in a complete, or partial, reduction in Plaintiff's alleged damages.

In light of these disputed issues, the Parties agreed to resolve the matter. Plaintiff is receiving an <u>uncompromised</u> amount, divided equally between actual and liquidated damages, which exceeds her total claims. [DE 13]. The payment is to be paid in five (5) equal monthly payments, with the first payment to begin within ten (10) days of approval of the settlement agreement by this Court. In addition, Plaintiff's counsel, who worked 6.7 hours at $400.00 per hour, with $400.00 in costs, will receive a discounted amount. It is the opinion of counsel for the Parties that this is a reasonable compromise given the disputed issues in the case.

The settlement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration and extended negotiation. To this end, both Plaintiff and Defendants have at all times been represented by competent counsel experienced in the litigation of FLSA claims, and the Parties' Agreement represents an uncompromised settlement of Plaintiff's claims, including FLSA liability, computation of back wages, and the application of various defenses the Defendants have raised in opposition to Plaintiff's claims. Furthermore, the attorneys' fees and costs being paid by the Defendants under the Parties' settlement are in full satisfaction of all attorney's fees and costs owed to Plaintiff's counsel, were agreed to separately and without regard to the amount paid to the Plaintiff, and the Plaintiff has <u>no</u> further obligation to Plaintiff's counsel for any additional attorney's fees or costs. Plaintiff's recovery will not be compromised or diminished by any contract between herself and his counsel.

Based upon the facts and circumstances of this case, the Parties jointly advise the Court that the amount the Defendants have agreed to pay under the terms of the Parties' Agreements is a fair and reasonable settlement of a *bona fide* dispute. The Parties therefore respectfully submit that the Parties' settlement should be approved by the Court consistent with applicable precedent, including *Lynn's Food,* 679 F.2d at 1353, with the Court retaining jurisdiction to enforce the Parties' settlement agreement.

WHEREFORE, the Parties respectfully request that the Court enter an Order finding the settlement fair and reasonable, dismissing the case with prejudice, granting such other and further relief as is appropriate, and retaining jurisdiction for 180 days to enforce the Parties' settlement agreement.

Respectfully submitted this 12th of September, 2019.

| | |
|---|---|
| */s/ Robert W. Brock II* | */s/ Adi Amit* |
| Robert W. Brock II, Esq. | Adi Amit, Esq. |
| Law Office of Lowell J. Kuvin | 101 N.E. Third Avenue, Ste. 300 |
| 17 East Flagler Street, Suite 223 | Ft. Lauderdale, FL 33301 |
| Miami, FL 33131 | Tel: (954) 533-5922 |
| Tel: (305) 358-6800 | Fax: (954) 302-4963 |
| Fax: (305) 358-6808 | Email: Adi@DefenderOfBusiness.com |
| Email: robert@kuvinlaw.com | **COUNSEL FOR DEFENDANTS** |
| Email: legal@kuvinlaw.com | |
| **COUNSEL FOR PLAINTIFF** | |

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that on September 10, 2019, I electronically filed the foregoing document with the Clerk for the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.