UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20954-Civ-WILLIAMS/TORRES

KENDRA ZABIELINKSI,

    Plaintiff,

v.

BARLEY HOSPITALITY GROUP, LLC, *et al*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION TO ENFORCE JUDGMENT AND FEES**

This matter is before the Court on Kendra Zabielinski's ("Plaintiff") motion to enforce a settlement agreement and attorney's fees against Barley Hospitality Group, LLC, Jorge Ramos, Jr., and Jorge Ramos, Sr. ("Defendants"). [D.E. 35]. Defendants failed to respond in opposition to Plaintiff's motion, so the Court Granted the motion to enforce the settlement on June 24, 2020. [D.E. 36]. Such Order also referred the determination of appropriate settlement amount and attorneys' fees to the undersigned Magistrate. *Id.* Based on a review of the motion and the underlying record in this case, Plaintiff's motion should be **GRANTED.**

1

## *I. BACKGROUND*

On March 12, 2019, Plaintiff filed this action seeking payment of unpaid minimum wages. [D.E. 1]. Shortly after Defendants filed their answer and affirmative defenses, the parties notified the Court that they had settled. [D.E. 26, 29]. On September 16, 2019, the Court granted the parties' motion to approve their settlement agreement. [D.E. 33]. The settlement agreement required Defendants to pay Plaintiff $4,500.00 by January 24, 2020. [32-1]. The settlement agreement also authorizes Plaintiff to recover her attorneys' fees when prevailing in enforcing the agreement. *Id.* After Defendants failed to pay Plaintiff any of the $4,500 owed, Plaintiff filed this motion to enforce the settlement agreement. [D.E. 35]. The Court Granted the motion to enforce the settlement agreement after Defendants failed to respond [D.E. 36], so we now turn to Plaintiff's request for monetary relief.

## *II. ANALYSIS*

Plaintiff seeks a settlement amount of $4,500 and $640 in attorneys' fees. Because Defendants agreed to pay Plaintiff $4,500 by now, Plaintiff's motion for a settlement amount of $4,500 should be **GRANTED**.

Plaintiff asserts that she should recover her attorneys' fees because the settlement agreement provides that a party that prevails in enforcing the settlement agreement is entitled to fees. Ordinarily, a prevailing party in litigation may not collect fees from a losing party. *See Aleyska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 247 (1975). Each party, including the prevailing party, must

generally bear its own fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources,* 532 U.S. 598, 602 (2001). An exception to this American Rule exists when the parties enter into an enforceable contract that authorizes an award of fees. *See Aleyska Pipeline Serv. Co.,* 421 U.S. at 257.

Here, Plaintiff has presented unrebutted evidence that, under the settlement agreement, Defendants agreed to compensate Plaintiff for any attorneys' fees if she prevailed in enforcing the settlement agreement. Because the Court Granted Plaintiff's motion to enforce the settlement agreement, she is a prevailing party and entitled to her reasonable fees.

This leads to the next question on whether the amount requested is reasonable. Plaintiff claims that she should recover $640 in fees. Plaintiff claims her attorney billed 1.6 hours at the rate of $400 in hour. This time includes work for investigating the status of delinquent payments, drafting e-mails to Defendants' counsel, and preparing this motion. Given the descriptions provided and the facts of the case, the number of hours expended were reasonable.

However, Plaintiff provides no support that $400 in hour is reasonable for her attorney, Mr. Lowell J. Kuvin. In determining a prevailing market rate, the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in

3

similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996). Without this information, however, the Court may make a fee award based on its own experience where documentation and testimony are inadequate. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

Upon our independent review, we find that the rate of $400 in hour is reasonable for Mr. Kuvin as he was awarded that rate in a similar labor case last year. *See Watts v. Club Madonna, Inc.*, 2019 WL 2271947, at *2 (S.D. Fla. Feb. 14, 2019), *report and recommendation adopted*, 2019 WL 2268979 (S.D. Fla. Mar. 8, 2019) ("The Court finds that, although [Mr. Kuvin is a] skilled attorney, an hourly rate of $ 450.00 is excessive . . . in this matter, and a rate of $ 400.00 is more appropriate). Accordingly, Plaintiff's motion to recover $640 in reasonable attorneys' fees should therefore be **GRANTED**.

In sum, Plaintiff's motion should be **GRANTED** with a total award of $5,140.00 that is due immediately and to which Defendants are jointly and severally liable.

### III. CONCLUSION

Based on the uncontested facts, we **RECOMMEND** that Plaintiff's motion [D.E. 35] should be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file

objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 10th day of August, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge